OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 13, 1999

The Honorable Arthur C. Eads
District Attorney
27th Judicial District of Texas
P.O. Box 540
Belton, Texas 76513

Opinion No. JC-0128

Re: Whether a county bail bond board may require a corporate surety to furnish a separate letter of credit for each of its licensed agents in the county (RQ-0071-JC)

Dear Mr. Eads:

On behalf of the Bell County Bail Bond Board, you ask whether a county bail bond board may require a corporate surety to furnish a separate letter of credit for each of its licensed agents in the county. We conclude that chapter 1704 of the Texas Occupations Code, formerly article 2372p-3 of the Revised Civil Statutes,[1] requires a corporate surety to furnish one letter of credit in order to be licensed in the county. Chapter 1704 does not authorize a county bail bond board to require a corporate surety to furnish additional security for its licensed agents.

We begin with a brief review of chapter 1704's licensing provisions, which provide for the licensing of both individuals and corporations. In a county with a bail bond board, no "person" may act as a bail bond surety except a person licensed under chapter 1704 or, in certain limited circumstances, an attorney. *See* TEX. OCC. CODE ANN. §§ 1704.151, .163. For purposes of chapter 1704, a "person" is either an individual or a corporation. *Id.* § 1704.001(5) (defining the term "person" to mean "an individual or a corporation"); § 1704.154(a) (providing for licensing of "a person"). In order to execute bail bonds in a county, both individuals and corporations are required to obtain licenses from the county bail bond board as provided by subchapter D of chapter 1704. *See id.* §§ 1704.001(5), .151, .154.

The licensing requirements for individual and corporate licenses are different. To be eligible to be licensed, an individual must be a resident of this state and a citizen of the United States, be at least eighteen years of age, and possess sufficient financial resources. *See id.* § 1704.152(a). A corporation must be chartered or admitted to do business in the state and qualified to write bonds under the Insurance Code. *See id.* § 1704.152(b). Both individuals and corporations desiring "[t]o

---

[1]The Texas Occupations Code enacted by the 76th Texas Legislature is the codification of a variety of licensing statutes, including former article 2372p-3. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, secs. 1704.001-.306, 1999 Tex. Sess. Law Serv. 1431, 2279; *id.* § 6(a), 1999 Tex. Sess. Law Serv. at 2439-40 (repealing article 2372p-3 of the Revised Civil Statutes). For ease of citation, this opinion will refer to the provisions of chapter 1704 as they will be codified in the Texas Occupations Code.

be licensed under [chapter 1704] . . . must apply for a license by filing a sworn application with the board." *Id.* § 1704.154(a). An individual applicant must provide, among other things, three letters of recommendation, *see id.* § 1704.154(b)(4)(C), (c), while a corporate applicant must provide three letters of recommendation for "the person who will be in charge of the applicant's business in the county," *id.* § 1704.154(b)(4)(C)(ii), (c).

After the board tentatively approves an application, an individual (in a county with a population less than 250,000) must deposit cash (or a cash equivalent) with the county treasurer, or execute in trust deeds to the board, in an amount not less than $10,000. *See id.* § 1704.160(b). We believe the purpose of this deposit remains as stated in former article 2372p-3: "to secure payment of any obligations incurred by the applicant in the bonding business if the license is granted."[2] A corporation, on the other hand, must "provide to the sheriff an irrevocable letter of credit as a cash equivalent to pay any final judgment of a forfeiture on a bail bond executed by the applicant." *Id.* § 1704.160(a)(2). In one of the few cases construing licensing requirements for corporate sureties, *Klevenhagen v. International Fidelity Insurance Company*, 861 S.W.2d 13 (Tex. App.–Houston [1st Dist.] 1993, no writ), the court noted that, in a county with a population less than 250,000, the letter of credit must be in the amount of $10,000, *see id.* at 19 n.5. The court further concluded that this requirement is exclusive; a county may not require a corporate surety to post additional security. *See id.* at 19-20 (concluding that Harris County sheriff could not require corporate sureties to "post a dollar-for-dollar letter of credit before approving a bond").

Chapter 1704 also requires the licensing of corporate agents. A corporation that acts as a surety must file in the office of the county clerk a power of attorney designating an agent of the corporation authorized to execute bail bonds on behalf of the corporation. *See* TEX. OCC. CODE ANN. § 1704.211(a). "An agent designated by a power of attorney under Subsection (a) must be a license holder under this chapter." *Id.* § 1704.211(b). However, chapter 1704 does not expressly provide licensing requirements for corporate agents. This office construed chapter 1704's predecessor, former article 2372p-3, to require a corporation to obtain a corporate surety license and a separate license for each of its agents. *See* Tex. Att'y Gen. Op. Nos. DM-224 (1993) at 2, MW-507 (1982) at 3. An agent is subject to all of the statutory licensing requirements, except the security requirements for individual bail bond sureties, and "his or her application must be separately considered and approved by the board." Tex. Att'y Gen. Op. No. DM-224 (1993) at 2. An individual who is licensed only as a designated agent for a corporate surety is not licensed to execute bail bonds in an individual capacity or in any capacity other than as designated agent for the corporate surety. *See id.* at 3 n.3.

You ask, in essence, whether a corporation must furnish a separate letter of credit for each of its licensed agents. We do not believe that chapter 1704 requires a corporate surety to do so, because, as we explain below, the letter of credit is a requirement for a corporate surety license. No

---

[2]Former article 2372p-3, section 6(a)(5) of the Revised Civil Statutes, *as enacted by* Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, sec. 6(a)(5), 1981 Tex. Gen. Laws 875, 879, *repealed by* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, secs. 1704.001-.306, 1999 Tex. Sess. Law Serv. 1431, 2279.

provision in chapter 1704 requires a corporation to obtain more than one corporate surety license in each county. Furthermore, the sufficiency of a corporate surety's security is evidenced by its certificate to do business in the state, rather than the amount of security it has deposited with the county.

First, chapter 1704 contemplates that a corporation will obtain only one corporate surety license in a county. To act as a bail bond surety in a county, a corporation, like an individual, must obtain a license from the county bail bond board. *See* TEX. OCC. CODE ANN. §§ 1704.001(2), (5), .151. In order to obtain a corporate surety license, a corporation must furnish a letter of credit. *See id.* § 1704.160(a)(2). After a corporation has obtained a corporate surety license, it must also ensure that its agent is licensed. *See id.* § 1704.211(b) ("An agent designated by a power of attorney . . . must be a license holder under this chapter."). But an agent's license is separate from the corporate surety license. *See* Tex. Att'y Gen. Op. No. DM-224 (1993) at 2. Again, an agent is subject to all of the statutory licensing requirements, and "his or her application must be separately considered and approved by the board." *Id.* The fact that the corporation's corporate surety license and an agent's license are separate is underscored by the fact that chapter 1704 regulates the conduct of a licensed corporate surety apart from the conduct of its agents. For example, section 1704.212 provides that "[a] corporation may not act as a bail bond surety in a county in which the corporation is in default on five or more bail bonds," TEX. OCC. CODE ANN. § 1704.212(a); *see also id.* §§ 1704.001(2), (5), .151 — a prohibition that would affect all of a corporation's licensed agents in the county, even those who have not executed any of the bonds in default.

Furthermore, it is the application for a corporate surety license that triggers the letter of credit requirement. After a corporation has furnished a letter of credit and obtained a corporate surety license, a county bail bond board may not require it to supply additional security. Chapter 1704 prohibits individual bail bond sureties from executing bonds that exceed a multiple of the value of property held as security or held in trust. *See id.* § 1704.203(a), *as amended by* Act of May 25, 1999, 76th Leg., R.S., ch. 1096, § 1, 1999 Tex. Sess. Law Serv. 3962.[3] An individual bail bond surety may post additional security at any time to increase his or her limit. *See id.* § 1704.203(d), *as amended by* Act of May 25, 1999, 76th Leg., R.S., ch. 1096, § 1, 1999 Tex. Sess. Law Serv. 3962, 3963. But this limitation does not apply to a corporate surety. *Id.* § 1704.203(e) ("This section does not apply to a license holder that is a corporation."); *Klevenhagen*, 861 S.W.2d at 19-20. Rather, section 1704.160(g) provides that "[t]he certificate of authority to do business in this state issued under Article 8.20, Insurance Code, to an applicant that is a corporation is conclusive evidence" as to the sufficiency of the security, the corporation's solvency, and its credits. TEX. OCC. CODE ANN. § 1704.160(g). In addition, chapter 1704 requires a county bail bond to "promptly notify the Texas Department of Insurance of a default by a corporation on a financial obligation undertaken by the corporation in the county." *Id.* § 1704.108. Furthermore, section 1704.212 provides that a corporation that is in default on five or more bail bonds in a county may not act as a bail bond surety

---

[3]The repeal of a statute by a code does not affect an amendment of the statute by the legislature that enacted the code. The amendment is preserved and given effect as part of the code provision that revised the statute so amended. TEX. GOV'T CODE ANN. § 311.031(c) (Vernon 1998).

in that county. *See id.* § 1704.212(a). The court concluded in *Klevenhagen* that the legislature intended these provisions to be the exclusive mechanisms to protect counties from default by a corporate surety and that therefore a county may not require a corporation to post additional security beyond the letter of credit required by section 6(f)(3) of former article 2372p-3. *See Klevenhagen,* 861 S.W.2d at 19-20.

Finally, no security is required for an agent's license because the agent merely acts as the corporation's agent and, in dealing with an agent, the county relies on the corporation's security. When the agent of a corporate surety executes a bail bond, the agent does not do so in his or her personal capacity, but rather as an agent of the corporation. The agent's signature binds the corporate surety. *See* TEX. OCC. CODE ANN. § 1704.211. If a bail bond executed by a corporate agent is forfeited, the county looks to the corporation's assets and not those of the agent for satisfaction. *See Harris County Bail Bond Bd. v. Blackwood,* No. 01-97-01178-CV, 1999 WL 425954, at *3 (Tex. App.–Houston [1st Dist.] June 10, 1999, no pet. h.) (not designated for publication), *reh. overruled,* 1999 WL 771549 (Tex. App.–Houston [1st Dist.] Sept. 30, 1999); *see also* Tex. Att'y Gen. Op. No. DM-224 (1993) at 2 (concluding that individual who acts merely as the agent of a corporate surety need not post security under former section 6(f)(1), (2), now section 1704.160 of the Occupations Code; "Such a requirement would serve no purpose because the corporate surety itself must be licensed by virtue of section 7(a) [now section 1704.211(b)] and therefore will have already posted its own security under section 6(f) [now section 1704.160], and because the designated agent merely executes bail bonds on behalf of the corporate surety, not in his or her individual capacity."); Tex. Att'y Gen. LO-96-019, at 3 (bail bond board need not consider solvency of agent applying for license to act as agent of corporate surety). Nothing in chapter 1704 expressly requires a corporate surety to provide a separate letter of credit for each of its agents in the county. And, given that chapter 1704 expressly provides in section 1704.160(g) that the sufficiency of a corporate surety's security is evidenced by its certificate of authority to do business in the state rather than the amount of security it has deposited with the county, we do not believe such a requirement may be implied.

## S U M M A R Y

A corporate surety must furnish a letter of credit to be licensed as a bail bond surety under chapter 1704 of the Occupations Code. A county bail bond board may not require a corporate surety to furnish an additional, separate letter of credit for each of its licensed agents in the county.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee